## No. 10,356.*

### Succession of Foucher de Circé.

### Opposition to Tableau of Distribution.

A claim having been awarded by the French-American Commission to the executor of a de-
ceased French citizen, and the amount collected by the French government and paid to
the dative testamentary executor in this State the legatees of the testator in the fund
will share alike, as designated by the testator, although some of them are French citizens
and others citizens of the United States.

The legatees, French citizens, opposing the distribution, claim under the will alone, and there-
fore cannot ask that its disposition be changed so as to increase the amount given to them
by the testator.

The French-American Commission having decided it had jurisdiction of a claim presented
by the executor of a deceased French citizen, its award upon the validity of the claim is
final and conclusive; but it had no jurisdiction to pass upon the conflicting rights of
parties to the fund awarded.

The validity and amount of the claim being ascertained, and the amount paid to the party in
whose name it was presented and prosecuted, all conflicting rights of parties to the claim
can be ascertained by the ordinary judicial tribunals.   When paid to the executor of a de-
ceased claimant it will be ordered distributed in the course of the administration of the
succession, without reference to citizenship.

*This case is pending before the Supreme Court of the United States on a Writ of Error.

Succession of de Circé.

A PPEAL from the Civil District Court, for the Parish of Orleans.
*King*, J.

*Henry Denis* and *Charles Carroll* for Opponents and Appellees:

·A treaty of the United States is the supreme law of the land, to which State laws and State judges must yield obedience. Const. of U. S., Art. 6; Cooley, Const. Limit., p. 14; 3 Dall. 237; 100 U. S. 483.

The award of the commissioners, under a treaty of indemnity, settles two things only: first, the validity of the claim, and, secondly, the amount of the indemnity. It leaves open to the courts all right of conflicting claimants *inter sese.* 1 Peters, 193; 5 Peters, 675; 14 Peters, 95; 17 How., 612.

*Henry Chiapella* for the Dative Testamentary Executor and others, Appellants:

1. When a judgment has once been signed by the judge, it should be interpreted by that court, as well as by all others, objectively; that is, it should be construed with reference to the pleadings and the subject-matter. Succession of Regan, 12 Ann. 156.

   It is only when the terms of a judgment are of doubtful construction that resort may be had to the pleadings. 15 Ann. 223, 679; 16 Ann. 363; 4 L. 100; 10 Ann. 177; 1 Ann. 92; 1 Hennen, p. 728, No. 8.

   The pleadings, and not the points raised in argument, are to determine what was in controversy before a court. Saul vs. Creditors, 7 N. S. 432.

   All issues presented by the pleadings in a cause and on which evidence is introduced on trial will be considered as disposed of by a final judgment, though it be silent on one or more of the issues, unless a special reservation is made in the judgment. Villars vs. Faivre, 36 Ann. 398; Rauxet vs. Rauxet, 38 Ann. 669.

2. A party having set forth his demand by intervention, and his rights having been passed upon, is estopped from presenting a direct action on the same demand against the same party. In such a case the plea of *res judicata* will prevail. Shelton vs. Brown, 22 Ann. 162.

   The plea of *res judicata* is to be decided by reference to the matters put at issue by the pleadings. Bonvillain vs. Bourg, 16 Ann. 363.

   *Res judicata* cannot be defeated by making another party co-defendant with the one pleading it. This would be an easy mode of defeating the plea in all cases. Foss vs. Brentel, 14 Ann. 798.

   A judgment may sometimes operate as an estoppel against a party, against whom it cannot be technically pleaded as *res judicata.* 1 Hennen, p. 766, No. 42; See also Bigelow on Estoppel, pp. 8, 129, 45 and notes; Freeman on Judgments. Sec. 249; 7 Wallace, 102, 622; 21 Ann, 355; 22 Ann. 81: 24 Ann. 33; 26 Ann. 236, 320, 419; 19 L. 318; 14 L. 135; 12 Ann. 197; 9 Ann. 208; 33 Ann. 581.

3. An award by a Board of Commissioners appointed under a treaty is only conclusive as to the liability of the government and its amount.

   The conflicting rights of claimants to the fund are left to the ordinary course of judicial proceedings in the established courts of justice.

   The right to indemnify for an unjust capture attaches to the ownership of the property itself. It may be assigned, it may be transmitted by inheritance or by will.

   Such a right to an indemnity is not a donation or gratuity. The present ownership of the claim, whether in assignees or personal representatives, or *bona fide* purchasers, need not be ascertained for the full exercise of their functions by such Board of Commissioners.

Comegys vs. Vasse, 1 Peters, 193, 220 (see pp. 212. 216, 218).    Emerson vs. Hall, 13 Peters, 409, 414 (see pp. 412, 413).    Phelps vs. McDonald, 99 U. S. 298, *et seq.*

4.    Finally, see Burthe vs. Denis, 31 Ann. 568.

The opinion of the Court was delivered by

McENERY, J.    Louis Frederick, Marquis de Circé, a citizen of France, owned property in Louisiana, which was taken possession of by the United States government during the Civil War, and the property was used and damaged and some portions destroyed.    The Marquis de Circé died in 1869, and, by his will, instituted his widow his universal legatee. The widow, the Marquise de Circé, died in 1877, and in her will instituted her nieces and nephews her universal legatees.

Under the terms of the treaty between the United States and France, of July 15, 1880, the object and purpose of which was the final award of all claims of the citizens of one nation against the other, for all acts of the civil and military authorities during the Civil War between the States, and the Insurrection of the Commune, which injuriously affected the citizens of the other, the dative testamentary executor of the succession of the Marquis de Circé presented a memorial to the French-American Commission for the damage done to the property of the said Marquis de Circé in Louisiana.

The amount of $9200, with 5 per cent interest from April 1, 1865, was awarded on account of said claim to Arthur Denis, dative testamentary executor of L. F. Foucher de Circé.    The net proceeds of this amount, $5280, the executor proposes to distribute ratably among the legatees under the will of the widow Foucher.    The French government collected the claim and paid the amount to the executor, to be distributed.    Two of the legatees under the will are French citizens, and the others citizens of the United States.

The legatees who are citizens of France claim the whole amount awarded by the commission, on the ground that they are French citizens, and only to them, as such, could the award have been made, thus excluding the other legatees from the bequest made by their common testator.

There can be no doubt but that the proper interpretation of the treaty is that awards could only be made to French citizens for damages inflicted by the civil and military authorities of the United States.

The award was made in favor of the representative of a deceased French citizen, to his dative testamentary executor, and paid to him as such representative, and has been placed in his possession as an asset of said succession, to be disposed of in the course of its administration.

The decision of the commission, within the scope of its authority, is conclusive and binding, and it passed on the validity of the claim of a French citizen and declared it to be valid. The French citizen had died and the award was made to his legal representative. There was no authority delegated to the commission to adjust all conflicting rights of different parties to the final award. It had determined that it had jurisdiction of the claim because presented by the legal representative of a deceased French citizen, and the "validity and amount of the claim being once ascertained by their award, the fund might well be permitted to pass into the hands of any claimant, and his own rights, as well as all others who asserted a title to the fund, be left to the ordinary course of judicial proceedings in the established courts where redress could be administered according to the nature and extent of the rights or equities of all the parties." Comegys vs. Vasse, 12 Wheaton, 531.

If the award had been made in favor of the opponents only because they were French citizens, without an inquiry into the origin of their right, it ought to have been paid directly to them by the French government, and the award ought to have been made specifically to them.

The claim was a part of the estate of the Marquis de Circé, which passed by his will to his widow, and by her will to her legatees. She had a right to dispose of it as freely and fully as she could of any other item of her property which composed the mass of her estate and which she owned at the time of her death, to any person, or to more than one, in such proportions as she saw fit to designate, as she left neither ascendants or descendants.

All of her legatees come in for a part of her estate, as designated by her, and who claim participation in the distribution of the fund, under the will, as legatees, for their respective portions.

Claiming under the will of Madame de Circé, the court can not alter the intentions as expressed therein by Madame de Circé, and increase the share of some of the legatees to the exclusion of others.

In the absence of an express final and determinate decree of the commission as to whom the award was due, we can not review the judgment of the commission and say that the award was in favor of certain legatees, when the award was made in favor of the executor and the amount paid to him on account of the succession. Why is the claim here on his account for distribution?

If the amount was due exclusively to the French legatees, we can not understand why the French government did not pay the claim to them directly.

It is in the hands of the executor as a part of the estate of Madame de Circé, and the funds must be shared under the terms of her will.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and the opposition dismissed at opponents' costs and that the tableau of distribution be homologated according to the classification therein.

## DISSENTING OPINION.

FENNER, J. Considering :

1. That the money to be distributed was collected under a treaty between the United States and France ;

2. That under the terms of the treaty as interpreted by the commission organized under it, neither country could recover from the other any award except where the actual claimants, by whatever title, whether by descent, devise or conveyance, were, at the date of the award, citizens of the country recovering ;

3. That, as decided by the Supreme Court of the United States, the decision of the commission settles nothing but the amount and validity of the claim, as between the two Nations, and leaves open the question as to what parties are actually entitled to claim the benefit of the award ;

4. That evidence properly received shows that the opponents were the only French citizens interested in the claim, that the claim, to the extent of the interest of the American co-legatees, was substantially abandoned by their own counsel, and that the amount awarded was really only that proportion of the total claim which fell to these opponents ;

5. That the executor prosecuted the claim and received this fund, not as executor simply, but as attorney in fact, of all the legatees, including the opponents, and is bound to pay it to the parties legally entitled and for whose benefit the award was made, who are fully proved to be the opponents herein.

I dissent from the opinion and decree and think the judgment appealed from should be affirmed.

## CONCURRING OPINION.

WATKINS, J. On making an independent examination of this case, I feel satisfied that the opinion of the court is correct.

It appears to my mind clear that the claim for the award was made originally in the name and for the account of Marquis Fourcher de Circé; that he made a will instituting his wife his universal legatee and died ; that his widow succeeded to all the rights of her deceased husband, and made a will instituting her nephews and nieces universal

legatees in equal amounts. She died, and her executor was made party to the proceedings before the commission, and subsequently the opponents made themselves parties thereto, and joined the executor in virtue of their rights as legatees.

The commission made an award in general terms, not designating the names of the beneficiaries. The award was paid to the French Government and it transmitted same to Arthur Denis, executor. This, he proposed to distribute among *all* the legatees ratably, under the terms of the will. Opponents set up claim to the whole in virtue of their being French citizens, as well as legatees. They do not claim as simple heirs, and sue for a fund in the hands of a stranger, but appear in the succession of Mrs. Foucher de Circé, and claim as legatees, the whole sum it bring in excess of the share allotted to them.

We must of necessity treat this fund as the *property* of Mrs. Foucher's succession and not that of opponents. They being collaterals had no rights except under the will of Mrs. Foucher. The whole record furnishes ample proof of this, and I concur in the majority opinion of the court.